14 F.3d 614
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Raymond JACKSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7005.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1993.
 
 Before NIES, Chief Judge, PLAGER and CLEVENGER, Circuit Judges.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 Raymond Jackson moves to "Suspend All Activities of this Case Until Appellant's Complaints ... Are Resolved." We, sua sponte, determine whether Jackson's appeal should be dismissed.
 
 
 2
 On September 28, 1993, Jackson, for the second time, appealed the Court of Veterans Appeals' December 29, 1992 judgment in CVA no. 91-1838. Jackson's previous appeal was dismissed by this court on May 5, 1993, appeal no. 93-7032.*
 
 
 3
 Jackson now seeks review of the Court of Veterans Appeals' December 27, 1992 judgment a second time and many months beyond the 60-day appeal period of 38 U.S.C. Sec. 7292. This he may not do. First, there is no provision in any rule or statute that permits appeal of a judgment already appealed and decided. Second, Jackson may not appeal beyond the 60-day period prescribed by Sec. 7292.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Jackson's appeal is dismissed.
 
 
 6
 (2) Jackson's motion is moot.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 
 *
 After receiving our dismissal order and the mandate in appeal no. 93-7032, the Court of Veterans Appeals on July 29, 1993 sent Jackson a letter informing him that a mandate had issued. This, Jackson's second appeal, was filed 60 days after the Clerk of the Court of Veterans Appeals sent Jackson the letter. Jackson may have mistakenly believed that he could appeal from the Clerk's letter